UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE No.: 1:18-cv-21093-UU

JUAN CARLOS GIL,

    Plaintiff,

v.

MIAMI AUTOMOTIVE RETAIL, INC.
d/b/a BRICKELL HONDA,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, Miami Automotive Retail, Inc., answers the Complaint against it and states as follows:

1.  Defendant admits that this Court has jurisdiction over the subject matter of this action, but denies that the Defendant is in violation of the Americans with Disabilities Act (ADA), and further denies all remaining allegations in paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 2 of the Complaint.

3.  The allegations in paragraph 3 of the Complaint are denied.

4.  The allegations in paragraph 4 of the Complaint are denied.

5.  Defendant admits that Plaintiff seeks the relief stated in paragraph 5, but denies that the Defendant is in violation of the ADA, and further denies all remaining allegations in paragraph 5 of the Complaint.

6.  Defendant denies that the Plaintiff is entitled to assert a claim for compensatory damages in an ADA accessibility action, and further denies all remaining allegations in paragraph 6 of the Complaint.

7.  Defendant admits that Plaintiff attempts to state the types of claims enumerated in paragraph 7, but denies that the Defendant is in violation of the ADA, and further denies all remaining allegations in paragraph 7 of the Complaint.

8.  Defendant denies paragraph 8 of the Complaint, and further notes that the Court has previously dismissed or stricken the state law claim.

9.  Defendant denies the allegations in paragraph 9 of the Complaint, and further notes that the Court has previously dismissed or stricken the state law claim.

10.  Defendant admits that venue is proper in this district, but otherwise denies the allegations in paragraph 10 of the Complaint.

11.  In response to paragraph 11 of the Complaint, Defendant admits that Plaintiff seeks the enumerated relief, but denies that Plaintiff has properly stated a claim and further denies that Plaintiff is entitled to any relief.

12.  Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 12, and all such allegations are therefore denied.

13.  Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 13, and all such allegations are therefore denied.

14. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 14, and all such allegations are therefore denied.

15. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 15, and all such allegations are therefore denied.

16. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and all such allegations are therefore denied.

17. Defendant admits that it is the operator of an automobile dealership under the brand name "Brickell Honda", but denies all remaining allegations in paragraph 17 as phrased.

18. Paragraph 18 of the Complaint is denied.

19. In response to paragraph 19 of the Complaint, he Defendant admits that it offers new and used automobiles and certain repair services at its physical premises, but otherwise denies paragraph 19 of the Complaint as frames.

20. Defendant admits that the physical premises in question are a place of public accommodation covered by the ADA, but denies all remaining allegations in paragraph 20 of the Complaint.

21. Defendant admits that its physical premises are a place of public accommodation covered by the ADA, but denies all remaining allegations in paragraph 21 of the Complaint.

22. Defendant denies paragraph 22 of the Complaint as phrased.

23. Defendant admits that it maintains or operates a website called www.brickellhonda.com, but otherwise denies paragraph 23 of the Complaint.

24. The allegations in paragraph 24 of the Complaint are denied.

25. The allegations in paragraph 25 of the Complaint are denied.

26. The allegations in paragraph 26 of the Complaint are denied.

27. Paragraph 27 of the Complaint is denied.

28. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 28, and all such allegations are therefore denied.

29. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 29, and all such allegations are therefore denied.

30. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 30, and all such allegations are therefore denied.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 31, and all such allegations are therefore denied.

32. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 32, and all such allegations are therefore denied.

33. The allegations in paragraph 33 of the Complaint are denied.

34. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 34, and all such allegations are therefore denied.  Defendant further asserts that a website is not required to have any sign of website accessibility.

35. The allegations in paragraph 35 of the Complaint are denied.

36. The allegations in paragraph 36 of the Complaint are denied.

37. The allegations in paragraph 37 of the Complaint are denied.

38. The allegations in paragraph 38 of the Complaint are denied.

39. The allegations in paragraph 39 of the Complaint are denied.

40. The allegations in paragraph 40 of the Complaint are denied.

41. The allegations in paragraph 41 of the Complaint are denied.

42. The allegations in paragraph 42 of the Complaint are denied.

43. The allegations in paragraph 43 of the Complaint are denied.

44. The allegations in paragraph 44 of the Complaint are denied.

45. The allegations in paragraph 45 of the Complaint are denied.

46. The allegations in paragraph 46 of the Complaint are denied.

47. The allegations in paragraph 47 of the Complaint are denied.

48. The allegations in paragraph 48 of the Complaint are denied as phrased.

49. The allegations in paragraph 49 of the Complaint are denied.

50. The allegations in paragraph 50 of the Complaint are denied.

51. The allegations in paragraph 51 of the Complaint are denied.

52. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 52, and all such allegations are therefore denied.

53. The allegations in paragraph 53 of the Complaint are denied.

54. Paragraph 54 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 54 of the Complaint.

55. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 55, and all such allegations are therefore denied.

56. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 56, and all such allegations are therefore denied.

57. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 57, and all such allegations are therefore denied.

58. The allegations in paragraph 58 of the Complaint are denied, and have been stricken from this claim.

59. The allegations in paragraph 59 of the Complaint are denied and have been stricken from this claim.

60. The allegations in paragraph 60 of the Complaint are denied and have been stricken from this claim.

61. The allegations in paragraph 61 of the Complaint are denied and have been stricken from this claim.

62. The allegations in paragraph 62 of the Complaint are denied and have been stricken from this claim.

63. Defendant adopts it responses to paragraphs 1 through 62 above.

64. Paragraph 64 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 67 of the Complaint.

68. The allegations in paragraph 68 of the Complaint are denied, and Defendant further asserts that its website is not required to interface with any particular technology.

69. The allegations in paragraph 69 of the Complaint are denied.

70. The allegations in paragraph 70 of the Complaint are denied.

71. Paragraph 71 of the Complaint is Plaintiff's commentary on the law, and no response is needed.  To the extent any response is required, the Defendant denies paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint is Plaintiff's commentary on the law, and no response is needed.  To the extent any response is required, the Defendant denies paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint is denied, especially as to the Eleventh Circuit and District Courts within this Circuit.

74. The allegations in paragraph 74 of the Complaint are denied.

75. The allegations in paragraph 75 of the Complaint are denied.

76. The allegations in paragraph 76 of the Complaint are denied.

77. Paragraph 77 of the Complaint is Plaintiff's commentary on the law, and no response is needed.  To the extent any response is required, the Defendant denies paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint is denied.

79. The allegations in paragraph 79 of the Complaint are denied.

80. Paragraph 80 of the Complaint is denied.

81. Paragraph 81 of the Complaint is denied.

82. Paragraph 82 of the Complaint is Plaintiff's commentary on the law, and no response is needed.  To the extent any response is required, the Defendant denies paragraph 82 of the Complaint.

83. Paragraph 83 of the Complaint is Plaintiff's commentary on the law, and no response is needed. To the extent any response is required, the Defendant denies paragraph 83 of the Complaint.

84. The allegations in paragraph 84 of the Complaint are denied.

85. The allegations in paragraph 85 of the Complaint are denied.

86. The allegations in paragraph 86 of the Complaint are denied, and it is further denied that there is any requirement that a website include a particular symbol.

87. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 87, and all such allegations are therefore denied.

88. The allegations in paragraph 88 of the Complaint are denied.

89. The allegations in paragraph 89 of the Complaint are denied.

90. The allegations in paragraph 90 of the Complaint are denied.

91. The allegations in paragraph 91 of the Complaint are denied.

92. Defendant adopts it responses to paragraphs 1 through 91 above.

93. The allegations in paragraphs 93 through 100 of the Complaint are denied, and have been stricken from this claim.

94. All allegations in the Complaint that are not expressly admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

95. As a First Affirmative Defense, the Defendant states that the Plaintiff has failed to properly assert a claim, or is precluded from recovery herein, because Defendant's website is not a place of public accommodation, and is therefore not subject to the ADA or its implementing regulations.

96. As a Second Affirmative Defense, the Defendant states that the Plaintiff has failed to state a legally cognizable claim as none of the accessibility issues identified constitute violations of the ADA.

97. As a Third Affirmative Defense, the Defendant states that it has established the effective communication Plaintiff alleges would satisfy the ADA.

98. As a Fourth Affirmative Defense, the Defendant states that the demand for compensatory damages is not cognizable in an ADA accessibility claim, and all allegations in support of or demands for recovery of damages should therefore be stricken.

99. As a Fifth Affirmative Defense, the Defendant states that the Plaintiff is estopped by his own conduct to assert the claims attempted herein.

100. The Defendant demands trial by jury of all issues so triable as a matter of right.

WHEREFORE, Defendant requests that this Court enter judgment against the Plaintiff as to all issues and matters set forth in the Complaint, and award Defendant its taxable costs and such other relief as this Court deems just and proper.

CASE NO.: 1:18-cv-21093-UU

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 9th day of July 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> COLE, SCOTT & KISSANE, P.A.
> Counsel for Defendant Miami Automotive Retail,
> Inc. d/b/a Brickell Honda
> Cole, Scott & Kissane Building
> 9150 South Dadeland Boulevard, Suite 1400
> P.O. Box 569015
> Miami, Florida 33256
> Telephone (305) 350-5338
> Facsimile (305) 373-2294
> Primary e-mail: edward.polk@csklegal.com
> Secondary e-mail: michael.logan@csklegal.com

By:   s/ *Edward S. Polk*
      EDWARD S. POLK
      Florida Bar No.: 239860

      MICHEL P. LOGAN
      Florida Bar No.: 0301467